# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMERICAN STRATEGIC INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> YOLANDA T. DYESS, <br><br> Defendant. | Case No. 2:18-cv-00107-KJD-GWF <br><br> **ORDER** |

Three motions are pending before the Court: two motions to strike (#5, #19) filed by Plaintiff American Strategic Insurance and a motion to dismiss filed by Defendant Yolanda Dyess (#9). Ms. Dyess opposes the motions to strike (#21). Likewise, American Strategic opposes Ms. Dyess's motion to dismiss (#14). However, after reviewing American Strategic's complaint, the Court determines that it does not have subject matter jurisdiction over its claims. Accordingly, the Court dismisses the complaint and denies all pending motions as moot.

**I.    Background**

In this insurance-coverage dispute, American Strategic seeks a declaratory judgment that it is not obligated to provide a defense or otherwise indemnify Ms. Dyess in a corresponding state-court defamation case. In September 2014, American Strategic issued Ms. Dyess a homeowner's insurance policy. The policy was valid for one year and indemnified Ms. Dyess up to $300,000 for each covered occurrence. During the coverage period, Ms. Dyess made disparaging statements about the local Laborers' Union. The Las Vegas Review Journal published those comments in a July 2015 article. See James Dehaven, Vegas discrimination lawsuit could be headed to arbitration, L.V. Rev. J. (July 5, 2015 9:39 P.M.). Following publication, the Union sued Ms. Dyess for defamation and intentional infliction of emotional

distress in state court.

Ms. Dyess failed to answer the Union's complaint or otherwise participate in the suit causing that court to enter default judgment against her. Three months later, Ms. Dyess notified American Strategic—for the first time—that she had been sued and was subject to a default judgment. American Strategic promptly retained counsel on Ms. Dyess's behalf subject to a reservation of rights. Ms. Dyess's counsel moved to set aside the default. The state court refused, however, citing Ms. Dyess's inordinate delay and overall failure to participate. American Strategic then brought this suit seeking a declaration that, for various reasons, the homeowner's policy does not require American Strategic to continue to defend or otherwise indemnify Ms. Dyess in state court. Ms. Dyess has seemingly learned her lesson from her default in state court and has, to date, filed what purports to be an answer to the complaint and a motion to dismiss. She has also filed numerous unrelated documents and notices that American Strategic has moved to strike.

**II.   Analysis**

The question here is whether the terms of Ms. Dyess's 2014 homeowner's policy requires American Strategic to defend and/or indemnify her in the state court defamation proceeding. American Strategic argues that the 2014 policy does not obligate it to defend or indemnify Ms. Dyess because her policy did not contemplate coverage for defamation claims or the reputational injury associated with such cases. Even if it did, American Strategic contends, Ms. Dyess's delay in disclosing the suit so prejudiced American Strategic's defense that it should no longer be required to defend her. And so, American Strategic asks the Court for a judicial declaration that Ms. Dyess's state-court case indeed falls outside the scope of a covered occurrence under the policy.

Before the Court reaches the merits of these claims, it must first determine whether there is jurisdiction over this dispute. The Court must have jurisdiction at all stages of the litigation. See Grupo Data Flux v. Atlas Global L.P., 541 U.S. 567, 593 (2004). Where there is not jurisdiction, the Court is under a "continuing duty to dismiss [the] action." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). Because a federal court is a court of limited

jurisdiction, it is presumed to lack jurisdiction unless the parties demonstrate otherwise. Stock West, Inc. v. Confederated Tribes of Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). The Court's authority to hear cases rests on constitutional and statutory grants of jurisdiction. Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998). These jurisdictional grants are limited and only include certain categories of cases. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 316 (2006). Subject-matter jurisdiction defines the scope of cases the Court has authority to hear. Lightfoot v. Cendant Mortg. Corp., ___ U.S. ___, 137 S.Ct. 553, 560 (2017). Without such jurisdiction, the Court may not adjudicate the rights of the parties.

Most often, the Court attains subject-matter jurisdiction by one of two avenues: federal-question or diversity jurisdiction under 28 U.S.C. §§ 1331 & 1332.[1] The party requesting relief bears the burden of proving jurisdiction. Kingman Reef Atoll Inv.s, L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008). Section 1331 extends federal jurisdiction to any case or controversy "arising under the Constitution, laws, or treaties of the United States." Whether a case "arises under" federal law, however, is not always clear. Originally, the Supreme Court extended federal-question jurisdiction to any case where federal law formed a mere "ingredient of the original cause [of action]." Osborne v. Bank of U.S., 22 U.S. 738, 823 (1824). But over time, the Supreme Court has significantly narrowed the contours of federal-question jurisdiction. As it stands, federal-question jurisdiction requires one of two conditions, either: (1) federal law expressly created the plaintiff's cause of action or (2) resolution of the plaintiff's claim would require the Court to answer a "substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Absent these conditions, the Court does not have subject-matter jurisdiction and must dismiss.

This claim meets neither condition. The Court turns first to whether federal law creates American Strategic's cause of action. The allegations of American Strategic's well-pleaded complaint form the basis for its assertion of subject-matter jurisdiction. Id. at 9–10. Importantly, only the plaintiff's pleaded causes of action inform the Court's jurisdictional inquiry. Taylor v. Anderson, 234 U.S. 74, 75–76 (1914). By contrast, the defendant's potential defenses—whether

---

[1] American Strategic does not assert diversity jurisdiction under 28 U.S.C. § 1332.

arising under federal or state law—are irrelevant to determining subject-matter jurisdiction. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003). In its complaint, American Strategic alleges that this Court has subject-matter jurisdiction "pursuant to 28 U.S.C. § 1331 in that Title I of the Labor-Management Reporting and Disclosure Act of 1959, creates a 'bill of rights' for union members, protecting their rights to speak, assemble, and have due process protection against unfair union discipline." ECF No. 1, at 2 ¶ 6. But none of American Strategic's requested declarations implicate that Act. The complaint requests the following declaratory relief:

1. A declaration that Ms. Dyess's 505-day delay in notifying American Strategic of her lawsuit and default judgment eliminates any coverage obligation under the policy;
2. A declaration that Ms. Dyess's actions in the underlying law suit were "intended acts" that are expressly excluded under the policy;
3. A declaration that the mental-abuse claims against Ms. Dyess are excluded under the policy;
4. A declaration that any bodily injury claim against Ms. Dyess in the state-court case arose out of Ms. Dyess's business or professional activities, which are excluded from coverage under the policy;
5. A declaration that Ms. Dyess's actions giving rise to her state court lawsuit fall under the policy's "personal injury exclusion for intended acts" and are therefore excluded from coverage;
6. A declaration that any personal injury claim arising out of Ms. Dyess's oral or written publications is excluded from coverage under the policy;
7. A declaration that that any personal injury claims in Ms. Dyess's defamation suit arose out of her business interests and are excluded from coverage under the policy; and
8. A declaration that the policy does not require American Strategic to continue its defense of Ms. Dyess in the state court action.

Conspicuously absent from American Strategic's complaint is any allegation that its current claims for declaratory relief were created by federal statute or otherwise arise under federal law.

Admittedly, Ms. Dyess's state-court case likely implicates the union member's bill of rights that the complaint alludes to. See 29 U.S.C. §§ 411 and 412 (creating a private civil action for "any person whose rights secured by [section 411] have been infringed"). This, however, does not vest the Court with subject-matter jurisdiction for two reasons. First, American Strategic is not a "person whose rights . . . have been infringed" under § 412. Thus, § 412 does not create a cause of action for plaintiffs like American Strategic. In fact, Ms. Dyess has a

stronger claim to a right of action under § 412 than does American Strategic because she is the union member who made statements arguably protected by § 411. And second, American Strategic is not suing under § 412 to begin with. It is suing for declaratory relief that it need not defend an insured in a corresponding state-court action that might involve that statute. In essence, its claim boils down to a contract dispute, which is governed by state law. As such, federal law does not create American Strategic's cause of action.

Likewise, American Strategic's complaint fails to demonstrate that resolution of its claims would require the Court to answer a substantial question of federal law. There is a "special and small category" of cases where federal jurisdiction lies despite the absence of a federally created cause of action. Gunn v. Minton, 568 U.S. 251, 258 (2013). To fit this niche of state-law cases, the complaint must demonstrate that resolution of the plaintiff's state-law claim would require the Court to answer a federal question that is both substantial and vital to the national interest. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 310 (2005). This duty-to-defend case does not fit that narrow class of cases. A dispute over the rights and obligations under an insurance policy is merely a contract dispute between the insurer and its insured. Benchmark Co. v. Sparks, 254 P.3d 617, 621 (Nev. 2011). To resolve such a dispute, the Court will draw on general, state-law contract principles. The Court sees no substantial federal question embedded in American Strategic's request for declaratory relief. Nor does the national interest demand a federal forum for this type of dispute. As a result, American Strategic's claim does not arise under federal law, and the Court does not have subject-matter jurisdiction.

### III. Conclusion

Accordingly, it is HEREBY ORDERED that American Strategic's Complaint for Declaratory Relief (#1) is **DISMISSED**.

Dated this 6th day of December, 2018.

_____
Kent J. Dawson
United States District Judge